IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-1436-G-BH |
| | ) | |
| DAVID VEDNOR, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the defenses of defendants MidAmerica Financial Services, Inc. and S & M, Ltd. should be **STRICKEN,** and the Court should find them both to be in default.

**I. BACKGROUND**

On February 22, 2017, several plaintiffs filed this class action case in state court against multiple defendants, including MidAmerica Financial Services, Inc. and S & M, Ltd. (Defendants), alleging violation of the Texas Securities Act. (*See* doc. 1-3 at 23-57.)[1] A *pro se* individual, Bruce Deemer, purported to file answers on behalf of MidAmerica Financial Services, Inc. and S & M, Ltd. on March 23, 2017, and May 22, 2017, respectively. (*See* doc. 1-3 at 89-90, 259-261.) The action was removed to federal court on May 31, 2017. (*See* doc. 1.)

By order dated June 6, 2017, the *pro se* individual was advised:

> Here, it appears that [the individual] filing answers on behalf of MidAmerica Financial Services, Inc. [and] S & M, Ltd. [is not a licensed attorney, so he may not] represent these corporate defendants.  These corporate defendants must appear through licensed counsel

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

>within **THIRTY** (30) days from the date of this order. If licensed counsel has not entered an appearance on behalf of these corporate defendants within that time, their defenses may be stricken without further notice, and the Court may conduct further proceedings in accordance with the law, including but not limited to, entry of an order of default and/or default judgment.

(*See* doc. 4.) More than thirty days since the date of the order have passed, and no counsel has entered an appearance on behalf of Defendants.

## II.  ANALYSIS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individuals have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-56 (5th Cir. 1982). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted).

The rationale for this long-standing rule applies equally to "all artificial entities", such as partnerships and associations. *Rowland*, 506 U.S. at 202. As a cross between a corporation and a partnership, a limited liability company is also an artificial entity that may only appear in federal court through licensed counsel. *See U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008)*; Lattanzio v. COMTA,* 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*); *Roscoe v. U.S.*, 134 F. App'x 226, 227 (10th Cir. 2005); *see also Lan Wu v. Frost Nat. Bank*, 3:12-CV-772-M, 2012

2

WL 1549515 (N.D. Tex. Apr. 5, 2012); *Walker v. Allianz Life Ins. Co.*, 3:08-CV-2051-M, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009). When a corporation or artificial entity declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005.

Here, the pro se individual filing answers on behalf of Defendants has been specifically advised that a corporate defendant may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on Defendants' behalf within thirty days would result in a recommendation that their defenses be stricken and that further proceedings be conducted in accordance with the law, including but not limited to, entry of an order of default and/or default judgment. Because no attorney has entered an appearance on behalf of Defendants in this case, they have failed to make an appearance in or otherwise defend this action.

### III. RECOMMENDATION

The Court should strike the defenses of MidAmerica Financial Services, Inc. and S & M, Ltd., find them to be in default, and advise the plaintiffs that they are entitled to move for default judgment against them, unless licensed counsel enters an appearance on their behalf within the fourteen-day time for filing objections to this recommendation.

**SO RECOMMENDED on this 27th day of July, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE