IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIM MOORE, et al., <br>     Plaintiffs, | ) <br> ) <br> ) |
| vs. | )     No. 3:17-CV-1436-S-BH <br> ) |
| PAYSON PETROLEUM <br> GRAYSON, LLC, et al., <br>     Defendants. | ) <br> ) <br> ) <br> )     Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court for determination is *Plaintiffs' Motion for Leave to Amend*, filed May 25, 2018 (doc. 80).[1] Based upon the relevant filings and applicable law, the motion is **GRANTED.**

## I. BACKGROUND

On February 22, 2017, Tim Moore, David Vednor, Roland Lentz, James Rosemeyer, Virginia Humphrey, William Martin, and Jeff Wilshire (Plaintiffs) filed this class action suit alleging violations of the Texas Securities Act against thirteen defendants, including Payson Petroleum Grayson, LLC (Payson Grayson), Matthew Carl Griffin (Griffin), PTX Securities, LLC (PTX), Dan Nichter (Nichter), EDI Financial, Inc. (EDI), Financial West Group (Financial West), MidAmerica Financial Services, Inc. (MidAmerica), Shaun Darnell Young (Young), S&M, Ltd. (S&M), Terry Dewayne Harvey (Harvey), Plano Capital Group, LLC (Plano Capital), Martin William Prinz (Prinz), and Gene Charles Valentine (Valentine) (Defendants) in Texas state court. (*See* doc. 1-3 at 23-57, 174-210.)[2] On May 31, 2017, Defendants removed this action to federal court, asserting original

---

[1] Plaintiffs were subsequently granted leave to file a "corrected" memorandum of law in support of their motion for leave on June 7, 2018. (docs. 87, 88.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction under the Class Action Fairness Act provisions of 28 U.S.C. § 1332(d)(2). (doc. 1.) Before removal, Plaintiffs amended their petition twice in the state court. (*See* doc. 1-3.)

At issue is a two-phase offering to invest in two Texas limited partnerships to fund the drilling, completion, and operation of two vertical wells and one horizontal well (3 Well Program) owned by Payson Petroleum, Inc.[3] (Payson), in Grayson County, Texas. (*Id*. at 175-76.) The first phase offered 1,000 units at a cost of $27,000.00 per unit for the Payson Petroleum 3 Well, L.P. (3 Well), commencing on October 23, 2013, through December 31, 2013. (*Id*. at 175, 200.) Because only 277.65 units were sold, a second offering phase for the remaining 722.35 units of Payson Petroleum 3 Well 2014, L.P. (3 Well 2014), commenced on January 12, 2014, through June 30, 2014. (*Id*.) The two offerings in the 3 Well Program raised $23 million in total. (*Id*. at 200.) A private placement memorandum (PPM) was issued for each offering. (*Id*. at 175.)

Plaintiffs allege that the PPMs included untrue statements and misrepresentations that were allegedly "disseminated" by Defendants to Plaintiffs and other investors, and that they "reiterated to Plaintiffs the same, in meetings and communications, at investor events, dinners, and sales presentations, and by other marketing and promoting mechanisms, in order to solicit Plaintiffs' purchases of units in the 3 Well Program." (*Id*. at 178.) Defendants collectively made "an estimated $4,260,276.00 in sales commissions from selling units to Plaintiffs and [proposed] Class Members." (*Id*. at 202.)

It was later discovered that Payson lacked the means to purchase 20% of the units and contributed nothing to the well costs. (*Id*. at 196.) The 3 Well Program was then abandoned, and none of Plaintiffs received back any portion of the difference between the $23 million that was raised in

---

[3] Payson is not identified as a defendant in this suit. (*see* doc. 1-3 at 174.)

the offerings and the actual cost of the wells. (*Id*. at 178.) Plaintiffs subsequently filed this suit, which they identify as a class action "on behalf of [themselves] and all persons and entities, other than Defendants, who purchased or otherwise acquired units in the 3 Well Program by means of two sets of fraudulent offering documents." (*Id*. at 205.) They allege that the statements made in the two PPM and offering documents are fraudulent and misleading, and they contend that these misrepresentations and omissions were made so that Payson could "fleece investors." (*Id*. at 177-78.)

Plaintiffs claim in Count I that "All Defendants" are liable under Article 581-33A(2) of the Texas Securities Act for "offering, soliciting, and/or selling units the 3 Well Program to Plaintiffs and Class Members by means of untrue statement of material facts and/or omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading." (doc. 1-3 at 206-07.) They allege in Count II that the "Control Person Defendants," identified in part as Griffin, Prinz, and Valentine, are jointly and severally liable under Article 581-33F(1) of the Texas Securities Act as the "senior officers, directors, significant shareholders, or have indirect control over" the "Broker-Dealer Defendants." (*Id*.) Plaintiffs seek monetary relief in an amount over $1,000,000.00, exemplary damages, and attorney fees. (*Id*. at 208.)

On June 21, 2017, PTX, Harvey, and Plano Capital[4] (PTX Defendants) filed a motion to dismiss for failure to state a claim, (doc. 20), which was subsequently granted because Plaintiffs' petition failed to sufficiently state claims under the Texas Securities Act with particularity against the PTX Defendants as required by Rule 9(b) of the Federal Rules of Civil Procedure (docs. 65, 68, 69.) An entry of default was later issued against MidAmerica, Young, and S&M, and there is

---

[4] The petition identifies PTX as the "Managing Broker Dealer for the units offered and sold in the 3 Well Program," Plano Capital as the "parent company of Defendant PTX since July 2012," and Harvey as the "President of Defendant PTX since September 2012." (doc. 1-3 at 180.)

additionally no proof of service on Payson Grayson or Griffin. (docs. 36, 39, 50.) The remaining and active named defendants include: Nichter, EDI, Prinz, Financial West, and Valentine (Active Defendants).

On April 24, 2018, Plaintiffs filed a motion for class certification under Rule 23 and appointment of class representatives and counsel, which was contested by the Active Defendants. (docs. 74, 79, 83.) The motion has been denied because Plaintiffs failed to meet their burden to show the prerequisites of numerosity and adequacy of representation as required under Rule 23(a). (doc. 91.) While the motion for class certification was pending, Plaintiffs filed a motion for leave to amend their second amended petition within the deadline set by the scheduling order.[5] (docs. 35, 80.) They seek leave to add Mike Wang, Tapan Daftari, and Anisa Daftari as named plaintiffs, to remove Vednor, Rosemeyer and Humphrey as named plaintiffs, and to remove Payson Grayson and Griffin as named defendants. (*See* doc. 80-1.) They additionally seek leave to allege additional facts to satisfy the Rule 9(b) standard for pleading fraud with particularity. (*Id.* at 23-31.) They do not seek leave to add in new claims.

With a timely filed response from the Active Defendants, this motion is ripe for determination. (doc. 84.)

## II. MOTION FOR LEAVE

Plaintiffs argue that they should be granted leave to file an amended complaint under Rule 15(a). (doc. 88 at 7.)

Under Rule 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. *See* Fed. R. Civ. P. 15(a). The rule also provides

---

[5] On June 7, 2018, Plaintiffs were granted leave to file an amended memorandum of law to support their motion for leave to amend their complaint. (doc. 87, 88.)

4

that such leave "shall be freely given when justice so requires," but "it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny leave is left to the sound discretion of the trial court. *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). Leave to amend should not be denied unless there is a "substantial reason" to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citations omitted). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999).

A.  **Bad Faith, Dilatory Motive, Undue Delay, and Prejudice**

Plaintiffs contend that their request for leave to amend their complaint is not the product of bad faith, dilatory motive, or undue delay, and that it would not prejudice Defendants. (doc. 88 at 7-9.)

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F. Supp. 2d 600, 653 (S.D. Tex. 2009) (emphasis in original) (quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). There is a

"presumption of timeliness" if a motion for leave is filed by the court-ordered deadline. *See Smallwood v. Bank of America*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011).

Here, Plaintiffs sought leave before the deadline identified in the scheduling order, and they seek to replace certain named plaintiffs and to include additional factual allegations in an attempt to comply with the heightened pleading standards in Rule 9(b) for alleging fraud. (doc. 88 at 7-8.) They contend that this motion for leave is the product of additional discovery, as their attorneys have "contacted dozens of members of the proposed class, collecting specific information about their transactions . . . in order to satisfy [the relevant pleading standards]." (*Id.* at 8.) In response, the Active Defendants argue that Plaintiffs' bad faith, dilatory motive, and undue delay can be inferred due to the purposeful delay in filing their motion to leave after filing their class certification motion.[6] (doc. 84 at 10.) They further argue that they would experience undue prejudice because Plaintiffs' request to substitute new named plaintiffs would "conveniently deprive Defendants of an opportunity to oppose class certification." (*Id.* at 15.) Their arguments are based almost exclusively on the timing of this motion for leave in relation to Plaintiffs' motion for class certification. Because Plaintiffs' class certification motion has been denied, the arguments from the Active Defendants are largely moot and certainly do not present a "substantial reason" to deny leave under the Rule 15(a) standard. *See Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to

---

[6] The Active Defendants additionally argue that "bad faith may be inferred from the misrepresentations of law and fact set forth in Plaintiffs' motion for leave." (doc. 84 at 11.) The identified misrepresentations were Plaintiffs' allegations in their initial memorandum of law that the parties have not undertaken discovery and that "[b]ecause this action is subject to the Private Securities Litigation Reform Act (the 'PSLRA'), discovery has been stayed for the entire action to date." (doc. 81 at 7-8.) Plaintiffs, however, immediately filed an unopposed motion for leave to correct that section of their briefing "to omit[] the mistakenly-included language" that this action is subject to the PSLRA's stay of discovery. (doc. 86 at 2-3.) Leave was granted, and the amended memorandum of law does not include the alleged "misrepresentations of law and fact." (*See* doc. 88 at 7-8.)

6

amend complaint to add an additional claim where there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim and there was no evidence of prejudice to the defendants if the claim was allowed to be made); *compare OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.*, No. 3:11-CV-3148-G, 2012 WL 5409660, at *2 (N.D. Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith). When the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay, dilatory motive, or bad faith by Plaintiffs, or undue prejudice to Defendants.

B.      **Prior Amendments and Futility**

The Active Defendants further argue that Plaintiffs already had multiple opportunities to amend their petition while in state court, and that any subsequent amendment would be futile because the proposed amended complaint "fails to correct the pleading deficiencies that have long plagued [their] pleadings." (doc. 84 at 13-14.)

The Fifth Circuit has interpreted futility under Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL

7

4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). This Court's "almost unvarying practice when futility is raised [in response to a motion for leave to amend] is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer." *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002) (citation omitted).

Though Plaintiffs did file two amended petitions in the state court, they have not amended since this suit was removed from state court. (*See* doc. 1-3.) Any additional argument that leave should be denied on the basis of futility is premature at this stage of the proceedings. *See Smallwood*, 2011 WL 4941044 at *1. Having considered the relevant factors, there is no "substantial reason" to deny Plaintiffs' motion for leave to amend their complaint. *See Jamieson*, 772 F.2d at 1208.

### III. CONCLUSION

Plaintiffs' motion for leave (doc. 80) is **GRANTED**. The Clerk's Office shall file the proposed third amended complaint (doc. 80-1) attached to Plaintiffs' motion.

**SO ORDERED** this 13th day of August, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE